THE DAVIS SEWING MACHINE COMPANY v. L. C. GIBBONS.

No. 130.

1. EVIDENCE—*Demurrer Improperly Sustained.* Where there is evidence tending to prove the material facts necessary to entitle the plaintiff to recover, it is error for the court to sustaiñ a demurrer to the evidence and discharge the jury, and render judgment for costs against the plaintiff.

2. GUARANTY—*Definition.* Guaranty is a contract between two ór more persons, founded upon a sufficient consideration. by which one person promises to answer for the payment of some debt or the performance of some act in case of the failure of some other person, who, in the first instance, is liable for such payment or performance — an undertaking to answer for another's liability and collateral thereto, and, in a commercial and legal sense, an undertaking by one person to be answerable for the payment of a debt or due performance of a contract or debt by another, who himself remains liable to pay or perform the same.

3. ———— *When Liability of Guarantor Becomes Fixed.* Where a person enters into the following contract : "For value received, I hereby guarantee the payment, in cash, the note or draft given or made for the goods above ordered, and waive presentment for payment, protest or notice of nonpayment of said note or draft," which is written upon the same sheet of a contract for the purchase of 50 sewing-machines, to be paid for in four equal payments, 30, 60, 90 and 120 days, and the machines are shipped under said contract, and the notes are given, and part of them are not paid when due, the liability of the guarantor is fixed at the time that the notes should have been paid.

MEMORANDUM.— Error from Miami district court; JOHN T. BURRIS, judge. Action on a contract of guaranty by The Davis Sewing Machine Company against L. C. Gibbons. Judgment for defendant. Plaintiff brings the case to this court. Reversed. The opinion herein, filed July 13, 1896, states the material facts.

*W. T. Johnston,* for plaintiff in error.
*Crossan & Lane,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : Cora B. Eggelston was engaged in the business of dealing in sewing-machines in Logan county, Ohio, and on the 20th day of July, 1889, she entered into an agreement in writing with the Davis Sewing Machine Company for the purchase of 50 machines, to be shipped as directed by her at any time before May 1, 1889, bills to be dated October 1, 1888. She was to give her promissory notes for machines, one-fourth payable in 30 days, one-fourth in 60 days, one-fourth in 90 days, and one-fourth in four months. The defendant, L. C. Gibbons, on the same sheet entered into the following contract of guaranty, for the payment of the notes given for said machines :

"For value received, I hereby guarantee the payment, in cash, the note or draft given or made for the goods above ordered, and waive presentment for payment, protest or notice of nonpayment of said note or draft.         L. C. GIBBONS."

Under this contract the Davis Sewing Machine Company shipped 50 machines to Cora B. Eggelston, and she executed her several promissory notes for the same according to the agreement, amounting in the aggregate to the sum of $1,212.50. She failed to pay the full amount for the goods when due, and on October 30, 1891, suit was commenced against L. C. Gibbons upon his guaranty, before a justice of the peace, to recover the sum of $197.82, as a balance due on said machines. The case was appealed to the district court, where it was tried before the court and a jury. On the conclusion of the plaintiff's evidence the court sustained a demurrer to its evidence, discharged the jury, and rendered a judgment against the plaintiff for costs of suit. Plaintiff excepted, and brings the case here for review.

For answer to the plaintiff's bill of particulars, the defendant, L. C. Gibbons, denied that he guaranteed the payment of the notes and said that he was not indebted to the plaintiff in any sum whatever. On the trial of the case, the plaintiff introduced evidence tending to show the execution of the written instrument sued on, the furnishing of the machines, the execution of the notes by Cora B. Eggelston for $1,212.50, that the notes were not all paid when due, that two of the notes had been paid in full, and two had never been paid in full; that, at the request of Cora B. Eggelston, the two notes that were not paid had been renewed, and that Gibbons had consented in writing to the renewal of these two notes; that partial payments have been made on these two notes, leaving a balance of indebtedness amounting to $197.82. The questions of fact as to whether there was anything due on the indebtedness for the sale of these machines, and as to whether Gibbons had consented in writing to the renewal of these notes, should have been submitted to the jury for their findings thereon.

The real contention of the defendant seems to have been that the renewal of the notes and extension of time for the payment, without his knowledge or consent, released him from the obligation of his contract of guaranty. But, if this were so, the evidence shows that by his letter to the company he gave his consent to the renewal of the notes and extension of time for payment thereof, and this question, under his own claim, should have been submitted to the jury.

This case will have to be reversed, and remanded to the district court for a new trial, for the errors already pointed out; but the real question that will necessarily arise on a new trial is whether the contract of guaranty is governed by the same rules that obtain in

case of mere sureties. , Guaranty is a contract between two or more persons, founded upon a consideration, by which one person promises to answer for the payment of some debt or the performance of some act, in case of the failure of some person, who, in the first instance, is liable for such payment or performance — an undertaking to answer for another's liability and collateral thereto, and, in a commercial and legal sense, an undertaking by one person to be answerable for the payment of a debt or due performance of a contract or debt by another, who himself remains liable to pay or perform the same.

While a contract of surety corresponds with that of guaranty in many respects, there is a broad distinction between the liabilities of a guarantor and a mere surety. The two contracts, although entered into for the common purpose of securing the payment of a note due at its maturity, do not create the same liability. The contract of a surety and the contract of a guarantor, although identical in purpose, are never identical in their nature, or in respect to the liability created. A surety is bound with his principal as an original promisor. He is a debtor from the beginning, and must see that the debt is paid. He is held, ordinarily, to know every default of his principal, and cannot protect himself by the mere indulgence of the creditor, or by want of notice of the default of the principal, however much such indulgence or want of notice in fact may injure him. Being bound with the principal, his obligation to pay is equally absolute. On the other hand, the contract of a guarantor is his own separate contract. It is in the nature of a warranty by him that the thing guaranteed to be done by the principal shall be done, and not merely an engagement jointly with the principal to do the thing.

A guarantor, not being a joint contractor with the principal, is not bound to do what the principal has contracted to do, like a surety, but only to answer for the consequence of the default of the principal. The original contract of his principal is not his contract.

The obligation of the guarantor in this case was for the payment of the notes given for the purchase of the 50 sewing-machines at the time the notes severally became due, in 30, 60, 90 and 120 days, and when the principal debtor failed to pay the notes at their maturity, a right of action accrued to the sewing-machine company upon said guaranty, and the mere extension of time thereafter to the principal debtor to pay the notes did not affect the liability of the guarantor in any particular. The guarantor waived notice of nonpayment and protest, and obligated himself, in case the principal debtor should fail to pay, to pay the amount of the notes himself.

The judgment of the district court is reversed, and the case remanded to the district court with instructions to set aside the judgment and grant a new trial herein.

All the Judges concurring.